

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 3 1 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

LEARNING FOR LIFE, INC.,

    Plaintiff,

    v.

BOB JONES UNIVERSITY, INC.,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

JURY TRIAL DEMANDED

**3 0 7 - C V 1 4 9 1 - N**

**COMPLAINT**

For its complaint against Defendant Bob Jones University, Inc. ("BJU"), Plaintiff

Learning For Life, Inc., ("Learning for Life"), by and through its undersigned attorneys, alleges

as follows:

## THE NATURE OF THE ACTION

1.      This is an action for infringement of trademark and service mark rights, unfair

competition, dilution and false advertising, arising under §§ 32 and 43 of the Lanham Act, 15

U.S.C. § 1114(1) and 15 U.S.C. § 1125(a); Tex. Bus. and Comm. Code § 16.29 and under the

statutory and common law of Texas and of each State or Commonwealth in which Defendant has

engaged in conduct supporting such claims, including the conducted described herein.  Plaintiff

seeks injunctive relief and money damages to redress, the unauthorized use by Defendant of

Plaintiff's right in the mark LEARNING FOR LIFE.

## PARTIES

2.      Plaintiff Learning for Life is a United States non-profit corporation having its

principal place of business at 1325 West Walnut Hill Lane, P.O. Box 152079 Irving, Texas

75015-2079.

3.      Upon information and belief, Defendant BJU is a South Carolina corporation

having its principal place of business at 1700 Wade Boulevard, Greenville, South Carolina
29614.

## JURISDICTION AND VENUE

4.        The Court has original subject matter jurisdiction over this action pursuant to 15
U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental subject
matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.        The Court has personal jurisdiction over Defendant at least because Defendant
has purposely availed itself of the opportunity to conduct commercial activities in this forum
including the sale of infringing goods and/or services as alleged herein below, and this action
arises out of those activities.

6.        Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

A.    **Plaintiff's Business and Marks**

7.        Plaintiff provides educational services, books and related materials which, among
other purposes, are designed to help children, adolescents and young adults enhance their self-
confidence, motivation, and/or self-esteem, and to help prepare such individuals to make ethical
decisions that will help them achieve their full potential.

8.        Plaintiff traces its origin back to around 1991, when The Boy Scouts of America,
a United States non-profit corporation, adopted the mark LEARNING FOR LIFE as used in
interstate commerce for educational related services and goods.  Plaintiff has since become a
separate corporation, and has continued to use the mark LEARNING FOR LIFE in interstate
commerce in connection with such services and goods.

9.        Plaintiff presently markets and distributes educational services, books and related

materials under its LEARNING FOR LIFE marks to more than 20,000 schools and organizations

nationwide, serving more than 1.4 million youths.  Plaintiff also provides distribution services

for the educational books and related materials under the LEARNING FOR LIFE mark.

10.     Plaintiff is the owner of the following United States Trademark Registrations on

the Principal Register (collectively the "Registered Marks"):

| MARK/TYPE | U.S. REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| LEARNING FOR LIFE (standard character form) | 1,745,316 | 01/05/1993 | Int'l Class 41 – Educational services, namely, conducting programs in self-esteem, good character and ethical values. |
| LEARNING FOR LIFE OFFICIAL DISTRIBUTOR EST. 1991 & Design | 2,835,007 | 04/20/2004 | Int'l Class 16 – Decals. |
| LEARNING FOR LIFE (standard character form) | 3,237,004 | 05/01/2007 | books for educational use; and ancillary printed materials, namely posters, charts, certificates and stickers, all in international class 16 |

11.     The registrations identified in Paragraph 10 above are outstanding and valid.

Copies of the registrations are attached hereto as Exhibit A.

12.     The validity of Plaintiff's registration 1,745,316 and of the registered mark

LEARNING FOR LIFE, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use

the registered mark in commerce for educational services, namely, conducting programs in self-

esteem, good character and ethical values, are incontestable under 15 U.S.C. §1065 and 15

U.S.C. §1115(b).

13.     Continuously since on or about 1991, Plaintiff has used the mark LEARNING

FOR LIFE in various forms to distinguish its goods and services from those of others by, among

other things, prominently displaying the mark LEARNING FOR LIFE on the goods, and by distribution of publications, including advertisements, associated with the goods and services.

14.     Plaintiff is the owner of US application serial no. 77197854 filed on June 5, 2007, 2007 to register the mark LEARNING FOR LIFE as used with DISTRIBUTORSHIP SERVICES IN THE FIELD OF BOOKS FOR EDUCATIONAL USE AND RELATED PRINTED MATERIALS.  A copy of a printout of information about the application is attached as Exhibit B.

15.     Plaintiff is the owner of and also asserts common law trademark rights resulting from its ownership and use of its LEARNING FOR LIFE trademarks as used in connection with the goods and services identified above in paragraphs 10 and 14 (collectively the "Common Law Marks").  Plaintiff's use of its Common Law Marks has been valid, continuous and ongoing from a time prior to BJU's first use of the designation LEARNING FOR LIFE, and prior to any priority date that BJU could claim in the LEARNING FOR LIFE mark.  Plaintiff's Registered and Common Law Marks are referred to herein collectively as "LEARNING FOR LIFE marks".

16.     The LEARNING FOR LIFE marks are distinctive and widely recognized within the educational community, and Plaintiff has spent considerable time, money and effort in promoting its products and services using the LEARNING FOR LIFE marks.  Plaintiff has developed valuable good will in its LEARNING FOR LIFE marks.

17.     Plaintiff has prominently displayed its LEARNING FOR LIFE marks in advertisements for its services and on its goods.

18.     Plaintiff's LEARNING FOR LIFE marks are used in trade areas where Defendant has done and/or is now doing business.

4

**B.     Defendant's Business and Federal Application**

19.     Defendant is a Christian college and seminary located in Greenville, South Carolina.

20.     BJU Press is the publishing division of Defendant that sells textbooks and other ancillary educational and evangelical materials to schools and individuals being home schooled. BJU Press sells materials through its website www.bjupress.com.

21.     On June 4, 2002, Defendant filed a federal application to register the mark LEARNING FOR LIFE (serial number 76416682), with the U.S. Patent & Trademark Office (PTO). In the application, Defendant asserted a bona fide intent to use the mark in commerce with the following services: "wholesale distributorship featuring school textbooks and ancillary printed materials not including decals".

22.     On October 27, 2005, Plaintiff filed an opposition against Defendant's application to register the mark LEARNING FOR LIFE on the basis of a likelihood of confusion with its own LEARNING FOR LIFE marks.  The Opposition was assigned Opposition Number 91167163 by the Trademark Trial and Appeal Board (TTAB) of the US PTO.

23.     On information and belief, at a time after the filing of its trademark application as set forth above in paragraph 20, Defendant had begun using the designation LEARNING FOR LIFE in association with the sale of school textbooks and ancillary printed materials, including the wholesale distributorship featuring school textbooks and ancillary printed materials not including decals.

24.     During the Opposition, Plaintiff learned that Defendant was using the notice of federal registration ® with its unregistered designation LEARNING FOR LIFE in an advertisement in a publication titled "The Virginia Home Educator."  This use was in violation

of the Lanham Act – 15 U.S.C. §1111. Defendant notified Plaintiff of this violation. A copy of the correspondence notifying Plaintiff is attached as Exhibit C.

     25.      Defendant expressly abandoned its application to register the mark LEARNING FOR LIFE after the TTAB granted Plaintiff's motion to amend the Notice of Opposition to allow Plaintiff to assert its common law rights in its LEARNING FOR LIFE marks.

     26.      On October 25, 2006, the TTAB entered judgment against Defendant, sustained the opposition, and refused Defendant's registration of the LEARNING FOR LIFE mark. See Order attached as Exhibit D.

**C.     Defendant's Continued Infringement**

     27.      Although its mark was denied registration, and despite the clear likelihood of confusion between its designation and Plaintiff's marks, and on information and belief, Defendant continues to use the LEARNING FOR LIFE mark in connection with and to promote its goods and services.

     28.      As an example, on the back cover of its "Scope and Sequence 2007" catalog, Defendant uses the LEARNING FOR LIFE designation. Likewise, Defendant is still using the LEARNING FOR LIFE designation on its website www.hightestscores.com.

     29.      Furthermore, despite Plaintiff's prior notification to Defendant of Defendant's improper use of ® as set forth in paragraph 24 above, and despite the order of the U.S. Patent and Trademark Office refusing to register LEARNING FOR LIFE as used by Defendant, Defendant willfully and knowingly continues to use the ® symbol with its use of the LEARNING FOR LIFE designation. A copy of the back cover of Defendant's "Scope and Sequence 2007" catalog and a printout from the website are attached as Exhibit E.

     30.      Defendant's use of LEARNING FOR LIFE on identical and related goods and

6

services as those of Plaintiff's is without permission or authority of Plaintiff and said use is likely to cause confusion, to cause mistake, or to deceive.

31.     The ongoing promotion and dissemination of the LEARNING FOR LIFE designation by Defendant is likely to lessen the capacity of Plaintiff's LEARNING FOR LIFE marks to identify and distinguish Plaintiff's products.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

32.     Plaintiff realleges paragraphs 1-31 of this Complaint as if fully set forth herein.

33.     Defendant's use of the designation LEARNING FOR LIFE to promote, market and sell educational related services and goods constitutes trademark infringement of Plaintiff's Registered marks pursuant to 15 U.S.C. § 1114.

34.     Defendant's infringement of the LEARNING FOR LIFE marks is intentional and willful.

35.     Defendant's infringement of the LEARNING FOR LIFE registered marks has caused and will continue to cause damage to Plaintiff.

36.     Defendant's infringement of the LEARNING FOR LIFE registered marks is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION BY INFRINGEMENT OF COMMON LAW RIGHTS

37.     Plaintiff realleges paragraphs 1-36 of this Complaint as if fully set forth herein.

38.     The acts of Defendant described herein constitute unfair competition and an infringement of Plaintiff's common law rights in Plaintiff's LEARNING FOR LIFE marks.

39.     Plaintiff's use of its Common Law marks has been valid, continuous and ongoing from a time prior to Defendant's use of LEARNING FOR LIFE, and prior to any priority date

that Defendant could claim in the LEARNING FOR LIFE mark.

40.    Plaintiff's Common Law marks are inherently distinctive of its goods and services marketed, distributed and/or sold in association therewith, or have obtained secondary meaning.

41.    Defendant's use of the designation LEARNING FOR LIFE is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

42.    Defendant's unfair competition is intentional and willful.

43.    Defendant's unfair competition has caused and will continue to cause damage to Plaintiff.

44.    Defendant's unfair competition is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT III
## FALSE DESIGNATION IN INTERSTATE COMMERCE

45.    Plaintiff hereby realleges paragraphs 1-44 of this Complaint as if fully set forth herein.

46.    Said acts of Defendant constitute unfair competition and an infringement of Plaintiff's common law rights in its LEARNING FOR LIFE marks.

47.    Defendant has caused its goods and services to enter into interstate commerce with the designation LEARNING FOR LIFE connected therewith.  Said use of LEARNING FOR LIFE is a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

8

48.     Defendant's use of the designation LEARNING FOR LIFE to promote, market and sell educational related services and goods constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

49.     Defendant's unfair competition is intentional and willful.

50.     Defendant's unfair competition has caused and will continue to cause damage to Plaintiff.

51.     Defendant's unfair competition is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT IV
## DILUTION UNDER TEX. BUS. AND COMM. CODE § 16.29

52.     Plaintiff realleges paragraphs 1-51 of this Complaint as if fully set forth herein.

53.     Defendant's use of the designation LEARNING FOR LIFE to promote, market and sell educational services and related materials constitutes dilution under Tex. Bus. Comm. Code § 16.29.

54.     Defendant's use of the designation LEARNING FOR LIFE dilutes the distinctive quality of, and/or tarnishes, Plaintiff's LEARNING FOR LIFE marks.

55.     Defendant's use of the designation LEARNING FOR LIFE to dilute Plaintiff's LEARNING FOR LIFE marks is intentional and willful.

56.     Defendant's use of the designation LEARNING FOR LIFE to dilute Plaintiff's LEARNING FOR LIFE marks has caused and will continue to cause damage to Plaintiff.

57.     Defendant's use of the designation LEARNING FOR LIFE to dilute Plaintiff's LEARNING FOR LIFE marks is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## <u>COUNT V – FALSE ADVERTISING</u>

58.     Plaintiff realleges paragraphs 1-57 of this Complaint as if fully set forth herein.

59.     As described above, Defendant has improperly used and continues to improperly use the federal registration symbol ® with the designation LEARNING FOR LIFE.

60.     Defendant's use of the federal registration symbol ® with the designation LEARNING FOR LIFE is a false or misleading statement of fact about Defendant's services and goods sold under this designation.

61.     Defendant's use of the federal registration symbol ® has deceived or has the capacity to deceive a substantial segment of potential customers.

62.     Defendant's use of the federal registration symbol ® is material in that it is likely to influence the consumer's purchasing decision.

63.     Defendant's products and/or services are marketed or sold under the designation LEARNING FOR LIFE in interstate commerce.

64.     Defendant's improper use of the federal registration symbol ® with the designation LEARNING FOR LIFE has caused and will continue to cause damage to Plaintiff.

65.     Defendant's improper use of the federal registration symbol ® with the designation LEARNING FOR LIFE is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that the Court:

(a)     Issue a preliminary and permanent injunction:

(i)     restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert with them, from using LEARNING FOR LIFE, or any colorable variation thereof, in connection with the description, marketing, promotion,

10

advertising, or sale of any educational products or services; and

        (ii)      directing Defendant to publish and distribute corrective advertising and promotional matter;

      (b)  .     Order Defendant, its officers, agents, servants, employees, and all persons acting in concert with them, to surrender up for destruction all goods, labels, advertisements, brochures, promotional materials and any other materials which bear the infringing mark, or any colorable variation thereof, and the means for reproducing the same;

      (c)      Order Defendant to file with this Court and to serve on Plaintiff, within ten (10) days of the date of the order of this Court, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the orders of this Court;

      (d)      Order Defendant to file with this Court and to serve on Plaintiff, within ten (10) days of the date of the order of this Court, an accounting of Defendant's profits derived as a result of its wrongful acts;

      (e)      Order an award, pursuant to 15 U.S.C. § 1117(a), of:

          (i) Defendant's profits derived as a result of its wrongful acts;

          (ii) damages sustained by Plaintiff; and

          (iii) the costs of the action;

      (f)      Enter judgment for three times the greater of Defendant's profits derived as a result of its wrongful acts or damages sustained by Plaintiff, together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1117(b);

      (g)      Order an award of punitive damages under Texas law or the law of any other state as appropriate; and

11

(h)         Grant such other and further relief as this Court shall deem just and

proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: _August 31, 2007_

Respectfully submitted,

NESBITT, VASSAR, McCOWN and RODEN, L.L.P.
15851 Dallas Parkway, Suite 800
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 - Telecopier

By:

James M. McCown
State Bar No. 00788002
jmccown@nvmlaw.com

OF COUNSEL:
(pro hac vice application pending)

Gary A. Hecht ghecht@synnlech.com
Joseph F. Posillico jposillico@synnlech.com
Marc S. Segal msegal@synnlech.com
Synnestvedt & Lechner LLP
1101 Market Street, Suite 2600
Philadelphia, PA 19107-2950
(215) 923-4466

ATTORNEYS FOR PLAINTIFF LEARNING FOR LIFE, INC.

# EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jul 31 04:07:15 EDT 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | LEARNING FOR LIFE |
| **Goods and Services** | IC 041. US 107. G & S: educational services; namely, conducting programs in self-esteem, good character and ethical values. FIRST USE: 19910900. FIRST USE IN COMMERCE: 19910900 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74120087 |
| **Filing Date** | December 3, 1990 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 2, 1992 |
| **Registration Number** | 1745316 |
| **Registration Date** | January 5, 1993 |
| **Owner** | (REGISTRANT) BOY SCOUTS OF AMERICA CORPORATION UNITED STATES 1325 West Walnut Hill Lane P.O. Box 152079 Irving TEXAS 750152079 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | RICHARD C WOODBRIDGE |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20020801. |
| **Renewal** | 1ST RENEWAL 20020801 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | Top | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY